### PHILLIPS JEWELRY CO v SCHANTZ

Ohio Appeals, 2nd Dist, Montgomery Co

No 994.  Decided Feb 28, 1931

Jacobson & Durst, Dayton, for Jewelry Co.

E. H. & W. B. Turner, Dayton, for Schantz.

THE FACTS ARE STATED IN THE OPINION.

**HORNBECK, J.**

The petition in error in this case is based upon four grounds, one only of which is urged, namely, that the Court erred in rendering a default judgment for defendants in error without taking evidence.

The record consists only of a transcript of the docket, journal entries and the pleadings in the trial court. No motion to set aside the judgment was made in the trial court, nor was there any claim of a valid defense asserted by the plaintiff in error. It is urged by plaintiff in error that the action of the trial court is controlled by §11383 GC, that the cause of action was not based on an account, a written instrument for the payment of money only or in foreclosure and, that, therefore, the Court had no jurisdiction to enter a default judgment without taking evidence to support it.

We are of opinion that §11383 GC is not entirely controlling as to the power of a trial court to enter default judgments except as it relates to the time when they may be entered. Sec 11383 GC authorizes default judgments upon cases coming under the three headings therein mentioned to be entered at any time during the term after the defendant is in dfault for answer, unless for a good cause shown.

Sec 11592 GC gives the Court further power generally:

"When all or a part of one or more of the causes of action set out in a pleading are not put in issue by answer, or otherwise, judgment may be taken, as upon a default, for so much of the demand as is not in issue, on any or all of the causes alleged, without prejudice to the rights of the pleader as to that portion of his demand which is disputed."

The action here was upon a written contract of lease which was attached to the petition. The petition alleged a breach thereof, setting out the months during which the plaintiff in error was in default for payment of rent and the amount claimed due thereon. The plaintiff in error defaulted for answer as to any of these allegations.

The record does not disclose whether or not this case had been reached for regular assignment under §11384 and §11385 GC, but as every legal intendment must be indulged to suport the record, we cannot say that it did not come up in its regular order of assignment.

The case then falls within the principle announced in the K. B. Company v George Dixon, 19 C.C. (N.S.) 196.

The judgment of the trial court will therefore be affirmed.

ALLREAD, PJ, & KUNKLE, J, concur.